LEGAL AID FOUNDATION OF LOS ANGELES
  Fernando Gaytan (SBN 224712)
  fgaytan@lafla.org
  Lane Nussbaum (SBN 264200)
  lnussbaum@lafla.org
  Christian Abasto (SBN 190603)
  cabasto@lafla.org
1550 W. 8th St.
Los Angeles, CA 90017
Tel:   (213) 640-3831
Fax:   (213) 640-3850

BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  cbrancart@brancart.com
  Elizabeth Brancart (SBN 122092)
  ebrancart@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA SMITH, AMBER MOOREHEAD, and KIMBERLY DAVIS<br><br>Plaintiffs,<br><br>vs.<br><br>BALUBHAI G. PATEL, individually and as trustee of Balubhai Patel Revocable Trust dated March 14, 2007, and APOLINAR ARELLANO;<br><br>Defendants. | Case No. CV11 03437 DDP (CWx)<br><br>COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF |

## I. INTRODUCTION

1. In this action, plaintiffs seek monetary, declaratory and injunctive relief against defendants for discrimination and harassment on the basis of sex in

the ownership and operation of the Lafayette Hotel, located at 2731 Beverly Boulevard in Los Angeles, California, in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq. and related state laws.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within the City of Los Angeles, in Los Angeles County, California.

## III. PARTIES

4. Plaintiff Sabrina Smith ("Ms. Smith") resides in a dwelling at the Lafayette Hotel, where she has been injured by discriminatory and unlawful housing practices committed by defendants. Accordingly, Sabrina Smith is an aggrieved person under the Fair Housing Act, 42 U.S.C. § 3602(i) and the California Fair Employment and Housing Act, Government Code § 12927(g).

5. Plaintiff Amber Moorehead ("Ms. Moorehead") resided in a dwelling at the Lafayette Hotel, where she was injured by discriminatory and unlawful housing practices committed by defendants. Accordingly, Ms. Moorehead is an aggrieved person under the Fair Housing Act, 42 U.S.C. § 3602(i) and the California Fair Employment and Housing Act, Government Code § 12927(g).

6. Plaintiff Kimberly Davis ("Ms. Davis") resides in a dwelling at the Lafayette Hotel, where she has been injured by discriminatory and unlawful housing practices committed by defendants. Accordingly, Ms. Davis is an

aggrieved person under the Fair Housing Act, 42 U.S.C. § 3602(i) and the California Fair Employment and Housing Act, Government Code § 12927(g).

7.  Defendant Balubhai Patel ("Mr. Patel") is a trustee of the Balubhai Patel Revocable Trust dated March 14, 2007 ("Patel Trust"), which owns the Lafayette Hotel, a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), and a housing accommodation within the meaning of the California Fair Employment and Housing Act, Government Code § 12927(d). Mr. Patel also operates, manages and oversees the operation and management of the Lafayette Hotel. Mr. Patel is sued herein in his individual capacity and as trustee of the Patel Trust.

8.  Defendant Apolinar Arellano ("Mr. Arellano") leases the Lafayette Hotel from the Patel Trust. Mr. Arellano also operates, manages and oversees the operation and management of the Lafayette Hotel, including the employees and agents who assist in the operation and management of the Lafayette Hotel.

9.  Each defendant was, at all times relevant, the agent, employee or representative of each other defendant; each defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## IV. FACTS

### A. INTRODUCTION

10. Defendants, acting individually or through their agents, have engaged in a pattern or practice of discrimination and harassment against women in the ownership, management and operation of the Lafayette Hotel. This pattern or practice of discrimination is ongoing and constitute a continuing violation of fair housing laws. Defendants' pattern or practice of discrimination includes, but is not limited to:

a. Making dwellings otherwise unavailable because of sex;

b. Evicting residents because of sex;

c. Creating a hostile living environment because of sex;

d. Imposing different terms, conditions, or privileges, or denying or limiting services or facilities in connection with the rental of a dwelling, because of sex;

e. Making statements indicating a limitation, preference or discrimination, or the intent to discriminate, based on sex;

f. Threatening, intimidating, or interfering with residents in their use or enjoyment of dwellings because of sex;

g. Coercing residents, either orally or in writing, or by other means, to deny or limit the benefits provided those persons in connection with the rental of a dwelling because of sex;

h. Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that submission to the conduct, either explicitly or implicitly, was made a term or condition relating to the rental of a dwelling or the provision of benefits or services in connection therewith; and,

i. Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that the conduct had the effect of creating an environment which a reasonable person in the same position would consider intimidating, hostile, offensive or otherwise making the tenancy less desirable, in connection with the rental of a dwelling or the provision of benefits or services in connection therewith.

11. Defendants, acting individually or through their agents, have also

engaged in a pattern or practice of unlawful practices in violation of California state law, with the purpose or effect, in part, of furthering their commission of discriminatory housing practices. Defendants' pattern or practice of unlawful practices includes, but is not limited to:

   a. Engaging in constructively and wrongfully evicting tenants;
   b. Infringing upon the right to the quiet use, enjoyment and possession of dwellings;
   c. Breaching the warranty of habitability;
   d. Reducing housing services and demanding and collecting unlawful rents;
   e. Unlawfully entering or seeking unlawful entry of dwellings; and,
   f. Preventing tenants from accessing their dwellings.

### B. SABRINA SMITH

12. Sabrina Smith resides in a dwelling at the Lafayette Hotel. During her tenancy, defendants and their agents have subjected Ms. Smith to unwanted sexual conduct, including sexual comments, solicitation, threats, intimidation, gestures and touching. Mr. Patel has requested sexual favors of Ms. Smith, including the exchange of sex for rent. Mr. Arellano has touched Ms. Smith in a sexual manner and made sexual statements to Ms. Smith. Solomon, defendants' employee, has touched Ms. Smith in a sexual manner and repeatedly requested sexual favors from Ms. Smith. Solomon also attempted to enter Ms. Smith's dwelling at night without permission. On another occasion, defendants or their agents entered Ms. Smith's dwelling at night without permission awakening her sister who was sleeping. When Ms. Smith complained to Mr. Arellano about this conduct, Mr. Arellano laughed and made sexually suggestive statements to Ms. Smith. The sexual conduct of defendants and their agents intimidated Ms. Smith, causing her to feel physically threatened. During her tenancy, defendants also have demanded that Ms. Smith pay fees for each guest invited to her dwelling.

### C.  AMBER MOOREHEAD

13.   Amber Moorehead resided in a dwelling at the Lafayette Hotel until December 2010.  During her tenancy, defendants and their agents subjected Ms. Moorehead to unwanted sexual conduct, including sexual comments, solicitation, gestures, threats, intimidation, and touching.  Mr. Patel and Mr. Arellano requested sexual favors from Ms. Moorehead, including demands that Ms. Moorehead exchange sex for rent or face eviction.  Mr. Arellano touched Ms. Moorehead in a sexual manner.  Mr. Patel attempted to enter and entered Ms. Moorehead's dwelling without permission.  The sexual conduct of defendants intimidated Ms. Moorehead, causing her to feel physically threatened.  When Ms. Moorehead refused defendants' sexual advances, defendants removed Ms. Moorehead's property from her dwelling, and then wrongfully evicted Ms. Moorehead from her dwelling.

### D.  KIMBERLY DAVIS

14.   Kimberly Davis resides in a dwelling at the Lafayette Hotel.  During her tenancy, defendants and their agents have subjected Ms. Davis to unwanted sexual conduct, including sexual comments, gestures, intimidation and touching. Mr. Arellano has touched and attempted to touch Ms. Davis in a sexual manner. Mr. Arellano has also made sexual statements and gestures to Ms. Davis.  In addition, Mr. Arellano has made sexual statements about other female residents in the presence of Ms. Davis that she found hostile and demeaning.  Mr. Arellano also has attempted to enter and entered Ms. Davis' dwelling without permission. This sexual conduct of defendants intimidated Ms. Davis, causing her to feel physically threatened.  During her tenancy, defendants also demanded that Ms. Davis pay fees for each guest invited to her dwelling.

### E.  INJURIES

15.   By reason of defendants' unlawful acts or practices, each plaintiff has suffered emotional distress, including humiliation, mental anguish,

embarrassment, and attendant bodily injury, violation of their civil rights, loss of dignity, loss of important housing opportunities, invasion of their private right of occupancy, and have otherwise sustained injury. Accordingly, each plaintiff is entitled to compensatory damages and statutory damages.

16. In doing the acts of which each plaintiff complains, defendants acted with oppression or reckless disregard of the rights of each plaintiff. Accordingly, each plaintiff is entitled to punitive damages.

17. There now exists an actual controversy between the parties regarding defendants' duties under the federal, state and municipal laws. Accordingly, each plaintiff is entitled to declaratory relief.

18. Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of harassment, discrimination, and unlawful conduct described in this complaint. Plaintiffs have no adequate remedy at law. Plaintiffs are now suffering and will continue to suffer irreparable injury from defendants' acts and their pattern or practice of discrimination on the basis of sex and of sexual harassment unless relief is provided by this Court. Accordingly, each plaintiff is entitled to injunctive relief.

## V. CLAIMS

### A. FIRST CLAIM

### [Fair Housing Act]

19. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

20. Defendants injured each plaintiff by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

### B. SECOND CLAIM

### [California Fair Employment and Housing Act]

21. Plaintiffs reallege and incorporate by reference each paragraph

1 previously alleged in this complaint.

2  22. Defendants injured each plaintiff by committing unlawful housing practices in violation of the California Fair Employment and Housing Act, California Government Code § 12955, et seq.

### C. THIRD CLAIM

### [California Unruh Civil Rights Act]

23. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

24. Defendants injured each plaintiff by discriminating against each of them because of sex in the ownership or operation of the Lafayette Hotel, a business establishment, in violation of the Unruh Civil Rights Act, California Civil Code §§ 51 and 51.9. In addition to other remedies, each plaintiff is entitled to statutory damages of at least $4,000 for each violation of § 51.

### D. FOURTH CLAIM

### [California Bane Act]

25. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

26. Defendants injured each plaintiff by using threats, intimidation or coercion, with the intent or effect of interfering with each plaintiff's exercise of her rights secured by federal and state laws, including but not limited to the Fair Housing Act and Fair Employment and Housing Act, in violation of the Bane Act, California Civil Code § 52.1. In addition to other remedies, each plaintiff is entitled to statutory damages of at least $4,000 for each violation of § 52.1.

### E. FIFTH CLAIM

### [California Ralph Act]

27. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

28. Defendants injured each plaintiff by engaging in intimidation against

her person or property because of sex in violation of the Ralph Act, California Civil Code § 51.7. In addition to other remedies, each plaintiff is entitled to a civil penalty of $25,000 for each violation of § 51.7.

### F. SIXTH CLAIM

### [Negligence]

29. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

30. Defendants injured each plaintiff by want of ordinary care or skill in the ownership or management of their property, person, or agents in violation of California Civil Code § 1714.

### G. SEVENTH CLAIM

### [Covenant of Quiet Use and Enjoyment]

31. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

32. Defendants injured each plaintiff by invading her private right of occupancy and infringing upon her right to the quiet use, enjoyment and possession of her dwelling, including the private right of occupancy, in violation of California Civil Code §§ 1927 and 1940.2.

### H. EIGHTH CLAIM

### [Unlawful Entry]

33. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

34. Defendants injured each plaintiff by unlawful entry or seeking unlawful entry into her dwelling in violation of California Civil Code §§ 1940.2 and 1954.

### I. NINTH CLAIM

### [Unlawful Rents]

35. Plaintiffs reallege and incorporate by reference each paragraph

1  previously alleged in this complaint.
2      36.   Defendants injured each plaintiff by reducing their housing
3  services and demanding and collecting rent in excess of the lawful amount in
4  violation of California Civil Code §§ 827 and 1947.11 and Los Angeles Municipal
5  Code §§ 151.04 and 151.10.
6      37.   Defendants further injured plaintiff Sabrina Smith and Kimberly
7  Davis by charging a fee per visit by a guest and therefore collecting rent in excess
8  of the lawful amount in violation of California Civil Code §§ 827 and 1947.11 and
9  Los Angeles Municipal Code §§ 151.04 and 151.10.

### J. TENTH CLAIM
### [Wrongful Eviction]
### [Amber Moorehead v. Defendants]

13     38.   Plaintiffs reallege and incorporate by reference each paragraph
14 previously alleged in this complaint.
15     39.   Defendants injured plaintiff Amber Moorehead by constructively and
16 wrongfully evicting her from her dwelling in violation of California Code of Civil
17 Procedure §§ 1159 and 1160 and Los Angeles Municipal Code §§ 151.09, 151.10
18 and 161.1201.

### K. ELEVENTH CLAIM
### [Terminating Occupancy]
### [Amber Moorehead v. Defendants]

22     40.   Plaintiffs reallege and incorporate by reference each paragraph
23 previously alleged in this complaint.
24     41.   Defendants injured plaintiff Amber Moorehead by removing her
25 possessions from the premises without permission or proper process in violation of
26 Civil Code § 789.3.

### VI. RELIEF

28 Wherefore, plaintiffs pray for entry of a judgment against the defendants,

and each of them, that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal opportunities to persons regardless of their sex;

4. Awards statutory damages and civil penalties against each defendant pursuant to the Unruh Civil Rights Act, Bane Act and Ralph Act;

5. Awards treble damages pursuant for violations of the Los Angeles Rent Stabilization Ordinance pursuant to Los Angeles Municipal Code §151.10A.

5. Awards costs of this action, including reasonable attorneys' fees; and,

6. Awards all such other relief as the Court deems just.

Dated: April 20, 2011.

Respectfully submitted,

BRANCART & BRANCART

/s/ Christopher Brancart
Christopher Brancart
cbrancart@brancart.com

LEGAL AID FOUNDATION OF LOS ANGELES

/s/ Fernando Gaytan
Fernando Gaytan
fgaytan@lafla.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV11- 3437 DDP (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

| Name & Address: |  |
|---|---|
| BRANCART & BRANCART<br>Christopher Brancart<br>PO Box 686<br>Pescadero, CA 94060<br>(650) 879-0141 |  |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SABRINA SMITH, AMBER MOOREHEAD, and KIMBERLY DAVIS,<br><br>PLAINTIFF(S)<br>v.<br>BALUBHAI G. PATEL, individually and as trustee of Balubhai Patel Revocable Trust dated March 14, 2007, and APOLINAR ARELLANO,<br>DEFENDANT(S). | CASE NUMBER<br><br>CV11 03437 DDP (CWx)<br><br>SUMMONS |
|---|---|

TO:     DEFENDANT(S): <u>BALUBHAI G. PATEL, individually and as trustee of Balubhai Patel Revocable</u>
        <u>Trust dated March 14, 2007, and APOLINAR ARELLANO</u>

   A lawsuit has been filed against you.

   Within <u>  21  </u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>CHRISTOPHER BRANCART</u>, whose address is <u>PO Box 686, Pescadero, CA 94060</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __APR 2 2 2011__

Clerk, U.S. District Court

By: __CHRISTOPHER POWERS__
    Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                    SUMMONS