1  **MAURI L. REESE, ESQ. (SBN 128887)**
   *Attorney at Law*
2  **2100 Lakeshore Drive**
   **Agoura, California 91301**
3
   **Tel: (818) 575-7102**
4  **Fax: (818) 575-7006**

5
   Attorneys for Defendant, APOLINA ARELLANO
6

7

8                 **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SABRINA SMITH, AMBER          )    CASE NUMBERCV11 03437 DDP (Cwx)
    MOOREHEAD, and KIMBERLY       )
12  DAVIS,                        )    ANSWER TO COMPLAINT
                                  )
13          Plaintiffs,           )
                                  )
14  vs.                           )
                                  )
15  BALUBHAI G. PATEL,            )
    individually and as trustee of )
16  BALUBHAI PATEL                )
    REVOCABLE TRUST dated         )
17  March 14, 2007, and APOLINA   )
    ARELLANO,                     )
18                                )
           Defendants.           )
19                                )
                                  )
20  _____ )

21         COMES NOW Defendant, APOLINA ARELLANO, severing himself from each of the

22  remaining defendants and responding to the Complaint for himself alone, and alleges:

23         1.     Answering paragraph 1, Defendant admits that the action relates to the ownership and

24  operation of the Lafayette Hotel located at 2731 Beverly Boulevard in Los Angeles, California.

25  Except as herein expressly admitted, Defendant denies each and every allegation of said paragraph.

26         2.     Answering paragraphs 2 and 3, Defendant lacks sufficient information or belief to

27  enable him to answer each and every allegation of said paragraphs, and based upon such lack of

28
                                              1

   **ANSWER TO COMPLAINT**

1  information or belief, denies each and every allegation of said paragraphs.

2        3.      Answering paragraph 4, Defendant admits that Plaintiff Sabrina Smith resides at

3  Lafayette Hotel, which is a residential hotel.  Except as herein expressly admitted, Defendant denies

4  each and every allegation of said paragraph.

5        4.      Answering paragraph 5, Defendant admits that Plaintiff Amber Moorehead resided at

6  Lafayette Hotel, which is a residential hotel.  Except as herein expressly admitted, Defendant denies

7  each and every allegation of said paragraph.

8        5.      Answering paragraph 6, Defendant admits that Plaintiff Kimberly Davis resides at

9  Lafayette Hotel, which is a residential hotel.  Except as herein expressly admitted, Defendant denies

10  each and every allegation of said paragraph.

11        6.      Answering paragraph 7, Defendant admits that Balubhai Patel is a trustee of the

12  Balubhai Patel Revocable Trust dated march 14, 2007 and that it owns the Lafayette Hotel.  Except as

13  herein expressly admitted, Defendant lacks sufficient information or belief to enable him to answer

14  each and every allegation of said paragraph, and based upon such lack of information or belief, denies

15  each and every allegation of said paragraph.

16        7.      Answering paragraph 8, Defendant admits that he leases the Lafayette Hotel from the

17  Patel Trust.  Except as herein expressly admitted, Defendant denies each and every allegation of said

18  paragraph.

19        8.      Answering paragraphs 9, 10, 11 (including all subparts), 12, 13, 14, 15, 16, 17, and 18,

20  Defendant denies each and every allegation of each of said paragraphs.

21                    **ANSWER TO FIRST CLAIM**

22        9.      Answering paragraph 19, Defendant incorporates his responses to paragraphs 1

23  through 18, inclusive, of the Complaint as though fully set forth hereat.

24        10.     Answering paragraph 20, Defendant denies each and every allegation of said

25  paragraph.

26  //

27  //

28

2

**ANSWER TO SECOND CLAIM**

11.     Answering paragraph 21, Defendant incorporates his responses to paragraphs 1 through 20, inclusive, of the Complaint as though fully set forth hereat.

12.     Answering paragraph 22, Defendant denies each and every allegation of said paragraph.

**ANSWER TO THIRD CLAIM**

13.     Answering paragraph 23, Defendant incorporates his responses to paragraphs 1 through 22, inclusive, of the Complaint as though fully set forth hereat.

14.     Answering paragraph 24, Defendant denies each and every allegation of said paragraph and further denies that Plaintiffs are entitled to statutory damages of at least $4,000.00, or any other sum, or any sum at all.

**ANSWER TO FOURTH CLAIM**

15.     Answering paragraph 25, Defendant incorporates his responses to paragraphs 1 through 24, inclusive, of the Complaint as though fully set forth hereat.

16.     Answering paragraph 26, Defendant denies each and every allegation of said paragraph, and further denies that Plaintiffs are entitled to statutory damages of at least $4,000.00, or any other sum, or any sum at all.

**ANSWER TO FIFTH CLAIM**

17.     Answering paragraph 27, Defendant incorporates his responses to paragraphs 1 through 26, inclusive, of the Complaint as though fully set forth hereat.

18.     Answering paragraph 28, Defendant denies each and every allegation of said paragraph and further denies that Plaintiffs are entitled to a civil penalty of $25,000.00 for each violation, or any other sum, or any sum at all.

**ANSWER TO SIXTH CLAIM**

19.     Answering paragraph 29, Defendant incorporates his responses to paragraphs 1 through 28, inclusive, of the Complaint as though fully set forth hereat.

20.     Answering paragraph 30, Defendant denies each and every allegation of said

3

1  paragraph.

2  <u>**ANSWER TO SEVENTH CLAIM**</u>

3        21.      Answering paragraph 31, Defendant incorporates his responses to paragraphs 1

4  through 30, inclusive, of the Complaint as though fully set forth hereat.

5        22.      Answering paragraph 32, Defendant denies each and every allegation of said

6  paragraph.

7  <u>**ANSWER TO EIGHTH CLAIM**</u>

8        23.      Answering paragraph 33, Defendant incorporates his responses to paragraphs 1

9  through 32, inclusive, of the Complaint as though fully set forth hereat.

10       24.      Answering paragraph 34, Defendant denies each and every allegation of said

11  paragraph.

12  <u>**ANSWER TO NINTH CLAIM**</u>

13       25.      Answering paragraph 35, Defendant incorporates his responses to paragraphs 1

14  through 34, inclusive, of the Complaint as though fully set forth hereat.

15       26.      Answering paragraphs 36 and 37, Defendant admits that because the subject premises

16  was a hotel, charges were sometimes imposed for additional occupants.  Except as herein expressly

17  admitted, Defendant denies each and every allegation of said paragraphs.

18  <u>**ANSWER TO TENTH CLAIM**</u>

19       27.      Answering paragraph 38, Defendant incorporates his responses to paragraphs 1

20  through 37, inclusive, of the Complaint as though fully set forth hereat.

21       28.      Answering paragraph 39, Defendant denies each and every allegation of said

22  paragraphs.

23  <u>**ANSWER TO ELEVENTH CLAIM**</u>

24       29.      Answering paragraph 40, Defendant incorporates his responses to paragraphs 1

25  through 39, inclusive, of the Complaint as though fully set forth hereat.

26       30.      Answering paragraph 41, Defendant denies each and every allegation of said

27  paragraphs.

28

4

### FIRST AFFIRMATIVE DEFENSE

31.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that the Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

32.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that to the extent any events alleged in the Complaint occurred, if at all, such acts were with the actual or implied consent of Plaintiffs, and each of them.

### THIRD AFFIRMATIVE DEFENSE

33.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that to the extent Plaintiffs, or any of them, suffered any damage, if at all, such damages were proximately caused, in whole, or in part, by Plaintiffs' own comparative fault and negligence.

### FOURTH AFFIRMATIVE DEFENSE

34.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that Plaintiffs, and each of them, either expressly or by their conduct, waived the right to enforce any claims against this answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

35.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that Plaintiff, and each of them, are estopped to assert any claims against this answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

36.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that to the extent Plaintiffs, or any of them, suffered damages, if at all, such damages were proximately caused, in whole, or in part, by Plaintiffs' unreasonable failure to avoid, minimize and reduce their damages, and Plaintiffs' claims should be reduced to the extent they failed to mitigate damages.

//

5

**SEVENTH AFFIRMATIVE DEFENSE**

37.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that to the extent Plaintiffs, or any of them, suffered any damages or were subjected to any violations as alleged in the Complaint, if at all, such damages and violations were proximately caused, in whole, or in part, by the intentional or negligent or wrongful acts of third parties, and any liability of this answering Defendant should be apportioned.

**EIGHTH AFFIRMATIVE DEFENSE**

38.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that it is barred by the applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

39.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that Plaintiffs' claims are barred due to the unclean hands of Plaintiffs, and each of them.

**TENTH AFFIRMATIVE DEFENSE**

40.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that Plaintiffs' claims are barred due to laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

41.     As to each count of the Complaint, Defendant is informed and believes, and thereon alleges that Plaintiffs, and each of them, voluntarily assumed the risk of harm alleged in the Complaint and Plaintiffs' claims are therefore barred to the extent of their comparative negligence.

//
//
//
//
//
//
//
//

6

WHEREFORE, Defendant prays:

1.      That Plaintiffs take nothing by their Complaint;

2.      To the extent permitted by contract or by statute, for reasonable attorney's fees;

3.      For costs of suit incurred herein; and

4.      For such other and further relief as this Court may deem proper and just.

DATED: June 3, 2011

                                        LAW OFFICE OF MAURI L. REESE



                                        BY:_____
                                        MAURI L. REESE, ESQ.
                                        Attorney for Defendant, APOLINA ARELLANO

7

**ANSWER TO COMPLAINT**

1                           **PROOF OF SERVICE BY MAIL**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am a resident of/employed in the county aforesaid;  I am over the age of eighteen years and

4   not a party to the within entitled action; my business address is 2100 Lakeshore Drive

5   Agoura, California 91301.  The matters contained in this declaration are known to me personally and if

6   called upon to testify as to such matters under oath in a court of law, I could and would do so

7   competently.

8      On June 3, 2011, I served the attached ANSWER TO COMPLAINT on Plaintiffs in said action by

9   placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid

10  in the United States mail at Agoura, California, addressed as follows:

11  Legal Aid Foundation of Los Angeles
    Fernando Gaytan
12  Lane Nussbaum
    Christian Abasto
13  1550 W. 8th St.
    Los Angeles, CA 90017
14
    Brancart & Brancart
15  Christopher Brancart
    Elizabeth Brancart
16  Post Office Box 686
    Pescadero, CA 94060
17

18         I am a member of the bar of the above-entitled Court.

19         I declare under penalty of perjury that the foregoing is true and correct and that this declaration

20  was executed on June 3, 2011, at Agoura, California.

21

22                                    _____
                                      MAURI L. REESE, ESQ.
23                                    Attorney for Defendant, APOLINA ARELLANO

24

25

26

27

28
                                      8
                                     ***